# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOU CHA,<br><br>                          Petitioner,<br>  vs.<br><br>JAMES E. TILTON, Secretary of the California Dept. of Corrections and Rehabilitation (CDCR); A. K. SCRIBNER, Warden,<br><br>                        Respondents. | CASE NO. 06cv1672-IEG(AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, when he was still represented by counsel. (Doc. No. 1.) Petitioner did not request a certificate of appealability. On April 2, 2009 the Court denied the Petition. Petitioner, now proceeding *pro se*, filed a notice of appeal on April 27, 2009. (Doc. No. 18.) The Court construes Petitioner's notice of appeal as a request for a certificate of appealability. See U.S. v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.") Accordingly, the issue presently before the Court is whether a certificate of appealability must issue.

## DISCUSSION

Pursuant to 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability in order to pursue his appeal. The Court should issue a certificate of appealability where Petitioner has made a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; <u>Pham v. Terhune</u>, 400 F.3d 740, 742 (9th Cir. 2005). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" <u>Beaty v. Stewart</u>, 303 F.3d 975, 984 (9th Cir. 2002) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Petitioner's Notice of Appeal does not identify the issues he wishes to pursue on appeal. The Court therefore assumes Petitioner wishes to challenge the Court's denial of all claims raised in his petition. The Court finds that reasonable jurists would find debatable the Court's denial of relief to Petitioner on grounds one, two and five of the petition. Specifically, with regard to ground one, the Court found the trial court did not err in terminating the "<u>Batson</u> [<u>v.Kentucky</u>, 476 U.S. 79 (1986)] inquiry at step one for Cha's failure [to] make a *prima facie* showing" that the prosecutor used his peremptory strikes in a racially discriminatory manner. On ground two, the Court found there was sufficient evidence to support the trial court's gang enhancement findings under Cal. Pen. Code § 186.22.[1] With respect to ground five, the Court found the trial court did not violate Petitioner's constitutional rights by sentencing him to an aggravated term. Petitioner's request for a certificate of appealability with respect to these issues is granted.

As to the remaining claims, the Court finds Petitioner has not made a "substantial showing" of the denial of a constitutional right. Accordingly, Petitioner's request for a certificate of appealability with respect to those claims is denied.

**IT IS SO ORDERED.**

**DATED: May 26, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] Ground two of the petition also included an argument that Cal. Pen. Code § 186.22 was "void for vagueness," and the Court denied Petitioner relief on this ground. Petitioner has not made a substantial showing of the denial of a constitutional right with respect to this argument. Therefore, with respect to ground two of the petition, the Court's grant of a certificate of appealability extends only to Petitioner's sufficiency of the evidence argument.